# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION – CINCINNATI

| | |
|---|---|
| AUTOMOBILE CONSUMER SERVICES, INC., *et al.*, | : Case No. 1:22-cv-476 |
| | : |
| | : Judge Matthew W. McFarland |
| Plaintiffs, | : |
| | : |
| v. | : |
| | : |
| PURECARS TECHNOLOGIES, LLC, | : |
| | : |
| Defendant. | : |
| | : |

## ORDER GRANTING PLAINTIFFS' MOTION TO SEAL (Doc. 7)

On August 18, 2022, Plaintiffs filed the Complaint and multiple different exhibits. (Compl., Doc. 1.) The case is now before the Court on Defendant's Motion to Seal (Doc. 7), wherein Defendant requests that the Court instructs the Clerk to remove Exhibit A to Plaintiff's Complaint from the public docket and electronically file the exhibit under seal.

Federal courts have long recognized a strong presumption in favor of openness which can only be overcome by "the most compelling reasons." *Shane Group., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) (citing *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)). Accordingly, "[t]he burden of overcoming that presumption is borne by the party that seeks to seal them." *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983). "To meet this burden, the party must show three things: (1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the

request is narrowly tailored." *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019). To do so, the party must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id.* (citing *Shane Group.*, 825 F.3d at 305). And typically, in civil litigation, only trade secrets, information covered by a recognized privilege, and information required by statute to be maintained in confidence is typically enough to overcome this presumption. *Shane Group.*, 825 F.3d at 305.

Considering the proprietary nature of the exhibit to Plaintiff's Complaint, Defendant has demonstrated that (1) compelling interests exist to seal the exhibit, (2) such interests outweigh the public's interest in accessing the exhibit, and (3) Defendant's request is narrowly tailored. Therefore, Defendant's Motion to Seal (Doc. 7) is **GRANTED**. The Clerk is **INSTRUCTED** to remove Exhibit A to Plaintiff's Complaint from the public docket and electronically file the exhibit under seal.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: */s/ Matthew W. McFarland*
JUDGE MATTHEW W. McFARLAND